**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **AJAY KUMAR,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-1029-R** |
| ) | |
| **MARKWAYNE MULLIN, et al.,** ) | |
| ) | |
| **Respondents.**[1] ) | |

## REPORT AND RECOMMENDATION

Petitioner Ajay Kumar, a noncitizen[2] and Indian national proceeding with counsel, filed an Amended Petition for Writ of Habeas Corpus ("Petition"), Doc. 8, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 9, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 8, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Chris Gantt was announced as Warden of Cimarron Correctional Facility in May 2026. He replaces Scarlet Grant and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

I.    **Background**

Petitioner, a citizen of India, entered the United States on or around March 14, 2023, without inspection or admission.  Pet. at 6.  Shortly thereafter, ICE encountered Petitioner and the undersigned presumes ICE placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear.  Pet. at 6.  Though no party has pled it, the undersigned also presumes Petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  On March 14, 2023, Petitioner was released from ICE custody pursuant to 8 U.S.C. § 1226.  Pet. at 6.  Petitioner alleges he has not violated any terms of his release and appeared for immigration appointments and proceedings as required by ICE.  *Id*. at 7.  At some later point, Petitioner filed an Application for Asylum and Withholding of Removal, which remains pending.  *Id*. at 6.

On May 5, 2026, ICE re-detained Petitioner after a check-in in Oklahoma City.  *Id*. at 5.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 1.  Petitioner did not request a bond hearing before an Immigration Judge ("IJ").  Pet. at 7.  Such a request, however, would likely be futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025).  *Hurtado* holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 3.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 18, 2026).

## II.     Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges his continued detention under 8 U.S.C. § 1225(b)(2) violates the INA because that provision does not apply to those like him who were previously released under § 1226(a).  Pet. at 8-9.

- **Count II: Violation of Due Process.**   Petitioner alleges his detention without an individualized showing that he presents a danger or flight risk violates his right to due process.  *Id.* at 9-10.

- **Count III:   Violation of the Administrative Procedures Act ("APA").**  Petitioner alleges his detention violates the APA because Respondents' application of § 1225(b)(2) to those like him, who were previously released under § 1226(a), exceeds statutory authority, is not in accordance with law, and is arbitrary and capricious.  Pet. at 11-13.

He asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner under the terms of his prior release or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days."  Pet. at 13 (citation modified).  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").  *Id.* at 14.

## III.     Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

3

IV.    **Analysis**

A.    **Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues § 1226(a) should govern his detention.  Pet. at 8.  He further asserts his continued detention under § 1225(b)(2) violates the INA because that provision does not apply to those like him who were previously released under § 1226(a).  Pet. at 8.  Respondents maintain Petitioner is an "applicant for admission" and therefore properly detained under § 1225(b)(2)(A), but do not further substantively address his claims because "Petitioner's request does not present unique factual or legal issues and can be resolved on the same grounds as prior cases."  Resp. at 1.

4

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's detention and grant the Petition in part to the extent he seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez*, 2025 WL 3709021, at *3 (citation modified). "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant." *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *3 (W.D. Okla. Feb. 5, 2026) (citation modified). The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained

that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Chief Judge Palk, Judge DeGiusti, Judge Jones, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[3] This conclusion is also in accord with the Second, Sixth, and Eleventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).[4] In contrast, the Fifth and Eighth

---

[3] *See, e.g., Valdez,* 2025 WL 3709021, at *3; *Coreas v, Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025). Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

[4] In a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided there was no basis to reach the issue. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56, 861-63, 871-77 (7th Cir. 2026).

Circuit Courts of Appeals recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).[5] *See Perez*, 2026 WL 315065, at *3 (concluding § 1226(a) governs a similarly situated petitioner's detention "in accordance with the vast majority of district courts in this judicial district, in the district courts within the Tenth Circuit and across the country") (citation modified); *see also Brena Escobedo v. Holt,* No. CIV-25-1553-R, 2026 WL 989109, at *1 n.1 (W.D. Okla. Apr. 13, 2026) (acknowledging the 2-1 decisions in *Avila* and *Buenrostro-Mendez* but continuing to apply § 1226(a) to a similarly situated petitioner).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

---

[5] This conclusion is further supported by the fact Petitioner was detained and later released on his own recognizance in March 2023. Pet. at 7; *see, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release under § 1226 indicates he "was—and continues to be—subject to discretionary detention under § 1226").

**B.    The Court should decline to address Petitioner's due process and APA claims.**

Petitioner also argues his continued detention without a bond hearing violates his rights to due process and the APA. Pet. at 9-13. If the Court grants Petitioner relief with a bond hearing under § 1226(a), the Court should decline to decide the merits of Petitioner's due process and APA claims based on his continued detention. *See, e.g., Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).[6]

---

[6] Magistrate Judges in this District, including the undersigned, have previously addressed whether detention of a similarly situated petitioner violates due process when a petitioner raises such a claim and seeks a different form of relief (such as burden shifting) with a due process claim. Here, Petitioner argued for the first time in his reply brief that Respondents should bear the burden of proof at any future bond hearing. Reply at 1-2. But that argument was too late and improperly raised for the first time in his reply. *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) (recognizing "general rule" "that a party waives issues and arguments raised [] for the first time" in a reply brief); *Stillwater Designs & Audio Inc. v. Klein*, No. CIV-24-784-SLP, 2025 WL 365651, at *2 n.7 (W.D. Okla. Jan. 31, 2025) (declining to consider arguments raised for the first time in reply). Furthermore, Judges in this District, including this Court, have declined to order burden shifting. *See Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified); *see also, e.g., Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (declining "to place the burden on the government to justify Petitioner's detention pending removal proceedings"); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). In sum, the Petition does not seek any different relief based on due process, and any relief recommended here as the result of a due process violation would be limited to the same relief recommended for the INA violation. Thus, the Court need not address Petitioner's due process claim.

## V.      Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **June 25, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **June 30, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 18th day of June, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

9